UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAVERN MOTON,

        Petitioner,

v.                                     Case No: 5:21-cv-125-TPB-PRL

WARDEN, FCC COLEMAN -
CAMP,

        Respondent.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner Lavern Moton initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241 while incarcerated at the Coleman Federal Correctional Complex. In the Petition, Petitioner asserts that the Bureau of Prisons (BOP) refuses to award her with 1056 days of earned prison credit and asks that the Court direct the BOP to immediately apply that credit to her sentence. Id. at 6.

Since the filing of the Petition, however, Petitioner has been released from the BOP's custody. See Inmate Locator, Federal Bureau of Prisons, available at https://www.bop.gov/ inmateloc/ (last visited Apr. 14, 2022). Thus, on March 21, 2022, the Court directed Petitioner to show cause, within fourteen days, as to why this case should not be dismissed as moot. See Order

to Show Cause (Doc. 11). The Court advised Petitioner that failure to timely comply may result in the dismissal of this case without further notice.

As of the date of this Order, Petitioner has neither complied with the Court's Order to Show Cause (Doc. 11), explained her noncompliance, nor requested more time to comply. "If a petitioner is released from imprisonment subsequent to [her] filing a habeas petition, [s]he must establish that h[er] petition still presents a case or controversy under Article III, § 2, of the United States Constitution . . . . Whether an action is moot is a jurisdictional matter." *Shuler v. Warden, FCC Coleman –USP II*, No. 5:12-cv-2580Oc-29PRL, 2015 WL 4606220, *1 (M.D. Fla. July 30, 2015) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395–96 (1980); *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir.2007); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). Once a petitioner's sentence expires, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1988).

Here, Petitioner has been released from prison. Because the primary purpose of filing this action was to order the BOP to credit her sentence with earned gain time, Petitioner no longer has a case and controversy to litigate. *See, e.g., Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986)

(holding district court properly dismissed as moot state prisoner's § 2254 petition challenging miscalculation of gain time credits where prisoner was no longer in custody); *Lenoir v. Crews*, No. 4:12cv157-RH/CAS, 2013 WL 3811187, *3 (N.D. Fla. July 20, 2013) (dismissing as moot a petition seeking only restoration of allegedly wrongfully forfeited gain time where petitioner was released from prison). Thus, the Petition is due to be dismissed as moot.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice and close the file.

3.   If Petitioner appeals the dismissal of this case, the Court denies a certificate of appealability[1] and the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Tampa, Florida, this 14th day of April, 2022.

*[signature]*

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[1] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Roberts "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court will deny a certificate of appealability.

Jax-7
c:
Lavern Moton
Counsel of Record